## N. Isaacs et al. v. State of Mississippi.

4. Criminal Law—Conspiracy.—On the trial of an indictment charging the defendants with a conspiracy to fraudulently obtain the property of another, the court instructed the jury that it was not necessary to a conviction that the state should prove that the property had been actually obtained, but that the offense was complete upon the conspiracy being formed for the purpose alleged. On error, it is held that the instruction stated the law correctly.

2. Same—Practice.—Several defendants were indicted, tried and convicted, jointly. Against one of them there was no evidence. *Held,* that as to him there should have been a *nolle prosequi* or a verdict of acquittal; but the verdict and judgment being against all, must be reversed as to all.

3. Record—Practice.—No disposal being shown by the record of a motion, made after arraignment and plea, to quash the indictment, it will be presumed to have been waived.

Error to the circuit court of Warren county.
Brown, J.

The facts of the case are stated in the opinion of the
court.   The errors assigned are as follows:

1. The court erred in its instructions for the state,
and in refusing those asked for by the accused.

2. The court erred in refusing to quash the indict-
ment, and the record fails to show that the motion to
quash was ever disposed of.

3. The court erred in overruling the motion of plain-
tiffs in error for a new trial.

4. The indictment is insufficient, and the verdict is
not supported by the evidence.

*Brien & Spears, U. M. Young* and *W. F. Mellen,* for
plaintiffs in error.

*J. S. Morris,* attorney-general.

Tarbell, J.:

N. Isaacs, M. Wolf, A. Cohen and A. Lewis, were
jointly indicted in the Warren county circuit court in
1871, for a conspiracy to cheat and defraud Herman
& Moss, and I. Rheinhart, merchants of Vicksburg,
of their personal property, viz.: goods, wares and
merchandise.   After arraignment and plea, there was a
motion to quash the indictment on the grounds that it
" does not allege that the property mentioned was ob-
tained by the prisoners or either of them;" that it
" does not state that the property was obtained by
prisoners, or any of them by reason of false pretense,
nor is the character of the false pretense stated;" and,
that it " is vague and uncertain, and does not state with
clearness the ownership of the property." - The record
does not show a decision of this motion, and presump-
tively it was waived.   As to this indictment, we refer

to Wharton's Am. Cr. Law, title, Conspiracy ; Wharton's Forms and Precedents, title, Conspiracy, and to Bishop on Cr. Law, vol. 2, Conspiracy, with the remark that it is for the conspiracy, and not for obtaining property. The trial in 1872 resulted in a verdict of guilty against all the defendants. There was a motion for a new trial on the following grounds : Error in giving the instruction for the state, and in refusing the second instruction for the defendants ; the jury disregarded the instructions ; the verdict is unsupported by the evidence ; and misconduct of the jury during the trial ; which motion was overruled. The judgment and sentence of the court was as follows : " It is, therefore, considered by the court, that for the crime of conspiracy of which they stand convicted, they be sentenced to imprisonment in the county jail of Warren county for the term of one day, and each of them be fined $50, and they pay the costs of this suit." Thereupon, the accused prosecuted a writ of error to this court, and assign here the following causes of error : In giving the instruction for the state ; in refusing the second instruction for the accused ; in refusing to quash the indictment ; in overruling the motion for a new trial ; the insufficiency of the indictment, and verdict unsupported by evidence.

The single instruction for the state is drawn with rare accuracy, stating the rule of law and the facts necessary to constitute the crime of conspiracy, and clearly and impartially submit to the jury the question for their consideration.

The instruction for the accused refused by the court was not applicable to a charge of conspiracy, but to a prosecution for obtaining goods by false pretenses. The act of conspiracy is an offense of itself, though the fraud be never consummated. Am. Cr. Law, and Bishop Cr. Law, *supra.* Upon all other points, the instructions for the accused were full, and considerate of their rights.

Upon an examination of the evidence sent up with the record, we are clearly of the opinion that the verdict against Isaacs is wholly unwarranted. Either a *nolle prosequi* should have been entered as to him, or he should have been acquitted by the jury. For this manifest error the judgment will be. reversed. The defendants having been jointly indicted and convicted, the judgment must of necessity be reversed as to all. As to the others, however, the jury would seem to have been authorized to infer a conspiracy from the evidence as to them, though it is not our purpose to express any opinion of their guilt or innocence, or of the weight of the testimony. If truthfully represented, the conduct of Wolfe, Cohen and Lewis was disgraceful. For the verdict against Isaacs, however, the judgment is reversed, and the cause remanded, with a *venire de novo*.