GEORGE HUSTEAD v. THE STATE.

No. 6590. Decided October 25, 1923.

Rehearing denied June 23, 1923.

1.—Theft—Practice in Trial Court—Plea of Guilty—Practice on Appeal.

Where appellant sought a new trial on the ground that his attorney coerced him into entering the plea of guilty, this necessarily raised an issue of fact, and, in the absence of a bill of exceptions, cannot be reviewed on appeal.

2.—Same—Motion for New Trial—Practice on Appeal.

What purports to be the evidence taken upon a hearing of the motion for new trial cannot be considered on appeal because the same was not filed in the trial court during term time.

**3.—Same—Attorney and Client—Affidavit.**

The affidavits attached to the motion for new trial having been taken before appellant's attorney, the same cannot be considered upon appeal.

**4.—Same—Conspiracy to Commit Theft—Offense Defined.**

Where the contention was made, upon motion for rehearing in this court, that a new trial had been awarded to two of the co-conspirators who were convicted at the same time as defendant, that a new trial should also have been granted him, and that it was fundamental error not to have done so, *held*, that more than three persons having been indicted with the defendant it must be presumed in the absence of the facts, that the judgment of conviction against defendant is valid.

Appeal from the District Court of Wichita. Tried below before the Honorable P. A. Martin.

Appeal from a conviction of a conspiracy to commit theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for conspiracy to commit the crime of theft, with punishment at two years confinement in the penitentiary.

Appellant went to trial on a plea of "not guilty." After the State's evidence was introduced the plea of "not guilty" was withdrawn and a plea of guilty entered. No bills of exception were reserved to any part of the proceedings, and no statement of facts adduced upon the trial accompanies the record. Appellant sought a new trial on the ground that his attorney coerced him into entering the plea of guilty. This necessarily raised an issue of fact for the consideration of the trial court. No bill of exception having been reserved to his action in overruling the motion for new trial, we are not in a position to review the question. What purports to be the evidence taken upon a hearing of the motion accompanies the record, but cannot be considered. The trial term adjourned July 4th, 1921. The statement of facts in question was not filed in the court below until September 2, 1921. To be considered such a statement of facts must be filed within the term. Sec. 598, Branch's Ann. Pen. Code, Jurado v. State, 91 Texas Crim. Rep., 490; Nothaf v. State, 91 Texas Crim. Rep., 619, and cases cited in both opinions. We also observe that many affidavits attached to the motion were taken before appellant's attorney. This has been repeatedly held to be objectionable.

The judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 13, 1923.

HAWKINS, JUDGE.—Appellant has supplemented the record, and now raises a question which was in no way presented upon the original submission.

The second count of the indictment charged that C. A. McDonald, Terry Ballihorn, R. W. Burlsmith, Adolph Michna, George Hustead (appellant), Arthur Roberts, B. F. Beal, Ernest Tallen and Freddie Bishop, conspired to commit felony theft. At the April term of court, 1921, Hustead McDonald and Michna entered pleas of guilty. At the December term, 1921, the State dismissed as to Beal and Ballihorn. The record is silent as to Burlsmith, Roberts, Tallen and Bishop. So far as we know the prosecution is still pending as to them, as well as against McDonald and Michna.

The contention is now made that a new trial having been awarded McDonald and Michna, who were convicted at the same time as appellant, that a new trial should also have been awarded him, and that it was fundamental error not to have done so, and should be corrected by this court notwithstanding no exception was taken to the court's action. As supporting this position cited People v. Labow, 118 N. E. 395; Reg. v. Gompertz, 115 English Reprint, 1491; State v. Jackson, 7 So. Car., 283; Isaacs v. State, 48 Miss. 234; Commonwealth v. McGowan, 2 Pars. Eq. Cas. 341; Feder v. U. S., 257 Federal 694; Casper v. State, 47 Wis. 535. Without reviewing the cases at length we think they are not decisive of the question before us in the condition we find the record in the instant case.

On May 21st there was filed a motion for new trial purporting to be for Hustead, Michna and McDonald. It was overruled on June 21st. It appears an amended motion was filed for McDonald and Michna although it is not set out in the transcript. In the supplemental transcript it is shown that on July 1st the court granted a new trial to them on the amended motion, but the order expressly recites "said motion being a separate and distinct motion from any heretofore filed, and not being joined in any way by the defendant, Geo. W. Hustead." The ground upon which Michna and McDonald were granted new trials is not shown. In the absence of the facts proven we must presume everything in favor of the validity of the judgment and orders unless their incorrectness appears from the record. It may be the evidence showed McDonald and Michna to be not guilty, but did show appellant to be guilty of conspiring with one or more of the others, viz: Burlsmith, Roberts, Tallen and Bishop.

A conspiracy is an agreement entered into between *two or more* persons to commit one of the offenses named in Chapter 1, Title 18, P. C. We quote from Corpus Juris, 12 Vol. Section 245, as follows:

"It is not necessary that all the defendants charged with conspiracy be shown to be guilty. It will be sufficient if the guilt of at least two is shown. In these circumstances the charge against the other defendants will be treated as surplusage. And in as much as it is sufficient if the guilt of at least two is shown, it is not improper to nol pros as to any number of defendants leaving two. If only three of four defendants indicted for conspiracy are on trial, the jury may acquit two of such defendants, and convict the other of conspiracy with the absent one. If one of several defendants pleads guilty, the jury may find one of the defendants on trial guilty of conspiring with him and acquit the others. And on an indictment of two persons and others unknown for a conspiracy, the acquittal of one does not affect the plea of guilty of the other. One of the defendants may be acquitted and the other convicted if it appears to the satisfaction of the jury that other persons conspired with the defendants against whom the verdict of guilty is rendered. So where one of three persons charged with conspiracy dies before the trial and one is acquitted, the third may, notwithstanding this fact, be tried and convicted. It has also been held that the facts that one of the conspirators had not been indicted, in order that he may be a witness for the prosecution, and that the prosecuting officer, as he is authorized to do, procures a dismissal of his own motion of the indictment as to two others, do not bar a conviction of the remaining conspirator. But in as much as two persons are necessary to a conspiracy, if two are tried and one is acquitted, the other must also be acquitted; and the same is the case where a nolle prosequi is entered as to one, although there is some authority to the contrary. So if more than three are tried and all but one are acquitted, such one cannot be convicted, where there is no evidence that any person other than the one named in the indictment had joined in the conspiracy."

Many authorities are cited supporting the various propositions announced in the foregoing excerpt. The record before us does not present a case where only two persons are charged with conspiracy, and there has been an acquittal as to one, or the evidence should fail to show guilt as to one; in such an event the conviction as to the other could not stand because there must be at least two persons acting together before any conspiracy could exist. In the absence of an affirmative showing in the record we would have no right to assume that the new trial was granted because the evidence failed to show guilt as to McDonald and Michna. It may have amply demonstrated their guilt, and the motion have been granted for some error during the trial in admitting evidence improperly against them. Neither can we assume that the evidence failed to show a conspiracy among appellant and some of the other defendants named in the indictment, the cases against whom are not shown to have been

dismissed. In the absence of the facts proven we are required to presume that the action of the trial court was correct in so far as it would depend on the facts.

For the reasons stated the motion for rehearing will be overruled.

*Overruled.*