MARTIN *v.* STATE.

(In Banc.   Oct. 9, 1944.)

[19 So. (2d) 488.   No. 35441.]

B. B. Allen, of Indianola, and A. B. Galloway, of Memphis, Tenn., for appellant.

100

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a conviction of conspiracy, and is a companion case to Ohlman v. State (Miss.), 16 So. (2d) 372. The indictment alleges, with probably unnecessary detail and prolixity, that the appellant, F. A. Ohlman and R. D. Johnson, entered into a conspiracy to obtain property from Mr. and Mrs. Chandler by false pretenses; the scheme agreed on being, in substance, that Martin and Ohlman were to obtain property from the Chandlers in exchange for oil royalty acreage in Holmes County, Mississippi, by falsely representing to them that there was a brisk market for all the oil royalty acreage in the vicinity of that offered the Chandlers, and that none of it in that vicinity had sold for less than $100 an acre; and that Johnson would aid Martin and Ohlman in so doing by falsely promising the Chandlers to purchase oil royalty acreage acquired by them at a price in excess of that which Martin and Ohlman would offer to sell such acreage to the Chandlers. The indictment then, under the caption of "overt acts," alleges that the conspirators made to the Chandlers the fraudulent representations set forth in the body of the indictment, and because thereof the Chandlers accepted oil royalty acreage offered them by Martin and Ohlman in exchange for property owned by them. A demurrer challenged this indictment on several grounds, two of which are (1) that the conspiracy became merged in the commission of the crime contemplated by the agreement, and therefore the

parties thereto could not be punished for a conspiracy, but only for the completed crime; and (2) that if mistaken in this, the indictment attempted to charge a misdemeanor, i. e., a conspiracy, and a felony, i. e., obtaining goods by means of false pretenses, in the same count.

A conspiracy to commit a crime is a complete offense, separate and distinct from, and does not become merged in, the commission of the crime contemplated by the conspiracy. Neither at common law nor under section 2056 of 2 Mississippi Code 1942, is an overt act pursuant to a conspiracy necessary for the completion of the crime; the allegation of such an act in this indictment was unnecessary, but its allegation did not convert the indictment into one for the commission of the crime contemplated by the conspiracy, although the overt act charged is the commission of the crime contemplated by it. All of these propositions are covered by King v. State, 123 Miss. 532, 86 So. 339.

The evidence as to the existence of this conspiracy was wholly circumstantial. The appellant offered no evidence, and according to that introduced by the state, Ohlman on more than one occasion obtained property from the Chandlers in exchange for oil royalty acreage in Holmes county by means of false representations that the market for such property was active in the vicinity where the property offered by Ohlman was situated, and that no acreage in that vicinity had sold for less than $100 per acre; and that Johnson promised the Chandlers to purchase oil royalty acreage from them, as alleged in the indictment. Martin also obtained property from the Chandlers in exchange for oil royalty acreage; but he is not shown to have made any representations to them, such as the alleged conspiracy contemplated. He had an interest in the oil royalty acreage exchanged by Ohlman with the Chandlers, and knew that Ohlman was making these exchanges, but there was no direct evidence that he knew that Ohlman had, or was to make these representations.

The court below refused a request by the appellant for a directed verdict of not guilty, and also overruled a motion by him to set aside the verdict, on the ground that it was against the great weight of the evidence. The court is equally divided as to whether the appellant's request for a directed verdict should have been granted; but a majority of its members are of the opinion that the verdict returned by the jury is so clearly against the great weight of the evidence that the appellant's request that it be set aside on that ground should have been granted. Consequently, the judgment of the court below must be reversed and the cause remanded for a new trial.

Quite a number of other rulings of the court are assigned for error, but we deem it necessary for the guidance of the court below on another trial to note only those hereinafter specifically referred to.

(1) Evidence was admitted of dealings between the appellant and the Chandlers with reference to oil royalty acreage in places other than Holmes county, Mississippi, and also to the effect that the Chandlers had not received any revenue from the oil acreage purchased by them from the appellant and Ohlman. This evidence was incompetent, as it has no bearing on the conspiracy charged in the indictment; and had the appellant's objections thereto been timely made the court below would probably have sustained them.

(2) The evidence covered quite a number of transactions between the Chandlers and the appellant and Ohlman. Both of the Chandlers testified at length; and each of them testified from typewritten notes of what occurred between them and the alleged conspirators, made by them a day or two before the trial, and about a year and a half after the occurrence of the events covered by them. These witnesses were without the right to testify from these notes, and the court below would probably have so held had the appellant's objections thereto been timely made. One indispensable requirement for the use of such a memorandum by a witness when testifying is that the memo-

randum must have been made contemporaneously with the transactions therein set forth, or to which reference is therein made. Alabama & V. Ry. Co. v. Coleman, 78 Miss. 182, 28 So. 828; 70 C. J. 590.

The typewritten notes which these witnesses used were not prepared by the witnesses using them alone, but in collaboration with the other. This fact, however, we have left here out of view, and express no opinion on what effect such a fact alone would have on the right of a witness to use a memorandum to refresh his recollection.

The matters complained of by the appellant in his special bill of exceptions may not occur on another trial, and the law of conspiracy is so well settled that the court below will require no assistance from us in passing on the instructions to be given the jury at the next trial hereof.

Reversed and remanded.

### DISSENTING OPINION.

**Alexander, J.,** delivered a dissenting opinion.

The instructions given for the defendant sufficiently charged them as to their duty in weighing the evidence and the bases for and measure of their belief of guilt. Such cases as these are almost necessarily provable circumstantially, and I am of the opinion that the evidence was not only sufficient to establish strong suspicion but enough to raise a jury issue of a fraudulent connivance.

I do not dissent from the views expressed as to income received from properties other than those here involved, and agree that the point is not reserved for us in the absence of objection.

Regarding the use of memoranda to refresh the memory of the witnesses, Mr. and Mrs. Chandler, I cannot assent to the adoption of a universal rule excluding those not made contemporaneously with the event. As a general rule its

soundness is clear. Yet here the memoranda were prepared in advance of the trial and related chiefly to the names, dates, and amounts, the exact details of which were not important. It is not difficult to imagine an occasion where such details, inquired of upon the witness stand, would be forthcoming only after repeated delays while the witness searched his memory for exact facts. It is assumed that in the end the data furnished from such mental exploration would be pieced out from the same memory which was consulted in the preparation of the memorandum.

The evils potential in this practice are evident, but in the instant case the susceptibility to abuse is outweighed by its improbability and by the considerations above mentioned. Regardless of the rule however, it appears that the extended testimony of Mrs. Chandler was completed without objection and the testimony of Mr. Chandler to which objection was later made was but corroborative of what had gone before. The memoranda supplied details which were subordinate to incriminatory facts as to which independent recollection alone was available. The fact of some collaboration between the witnesses would be disturbing but for the considerations just mentioned. In my opinion an affirmance of the case is warranted.

I am instructed by Judge ROBERTS to state that he concurs in the foregoing views.