485 So.2d 1055 (1986)
Ernie Leslie DAVIS and Linda Pearl Banks
v.
STATE of Mississippi.
No. 56140.
Supreme Court of Mississippi.
March 12, 1986.
*1056 Merrida P. Coxwell, Jr., Stanfield, Carmody, Coxwell & Creel, Jackson, for appellants.
Edwin Lloyd Pittman, Atty. Gen. by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
This appeal is from a conviction rendered in Circuit Court of Rankin County, wherein Ernie Davis and Linda Banks were found guilty of conspiracy to possess heroin. Davis was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections and fined $20,000. Banks was sentenced to a term of ten years and fined $5,000. Both appellants appeal asserting that the verdict is against the overwhelming weight of the evidence. The conviction against Ernie Davis and Linda Banks is affirmed but remanded for resentencing.

I.
On or about July 1, 1983, Ernie Davis, Linda Banks and nine other family and friends traveled from California to Hattiesburg, Mississippi. Ernie Davis was allegedly moving from California to New Jersey, but stopped in Hattiesburg to visit with Banks' family for a few days.
On July 9th, a white male identified as Sonny Koalani entered the Seattle-Tacoma International Airport in Seattle, Washington and took a package to the Delta Airlines counter. Koalani paid $47.00 to have the package sent to Jackson, Mississippi addressed to Ernie Davis. The flight bill listed a return address as 660 56th Street, San Diego, California. A telephone number in Hattiesburg, Mississippi was given on the air bill to call when the package arrived in Jackson Delta was to hold the package until Davis appeared to claim the package.
Koalani first told Agent Nelson that the package contained a pair of socks. When questioned about this, he added that the package contained jewelry. Nelson took the package to an x-ray machine and discovered that the inside of the package was cigarette shaped and had a gray haze appearance, but no jewelry was apparent. The package was turned over to Officer Richardson. After relating the facts to a judge in Seattle, Richardson obtained a search warrant for the package. It was found to contain 27 grams of heroin surrounded by ten cellophane packages of pepper. After the discovery of the heroin, Richardson placed the name of Sonny Koalani on the National Narcotics Information System and discovered it was an alias for Wayne Leslie Durante.
Richardson placed the package en route to Jackson via Delta Airlines for controlled delivery and notified Mississippi Bureau of Narcotics.
On July 9th, Davis received a telephone call from Banks' home in Hattiesburg reporting that a package would arrive for him at Delta Airlines in Jackson on July 9. Davis and Banks drove to the airport. Davis *1057 was advised at Delta that the package would not arrive until the following day.
Davis and Banks checked into the Airways Inn on Highway 80 in Rankin County to await the arrival of the package. The registration at the motel was in Banks' name and she paid the bill.
On Sunday, July 10, Lt. Mallory and agents of the Mississippi Bureau of Narcotics went to the Jackson Airport having been notified about the package and positioned themselves awaiting Davis' arrival to claim the package.
Davis returned to the Jackson Airport and obtained the package from Delta Airlines. As Davis approached his car, he motioned to appellant Linda Banks who turned the ignition key and pushed the button in the glove compartment to open the trunk. Davis placed the unopened package in the trunk and, upon seeing the narcotics agent approaching, slammed the trunk down and proceeded to the driver's side of the vehicle. Davis was stopped by Lt. Berry and Agent Norton. Mallory retrieved the package from the trunk and placed Davis under arrest.
Agent Norton proceeded to the passenger side of the car. Banks was ordered out of the car. Norton reached inside the car and opened a white purse which was located on the passenger side. Unzipping the purse, Norton observed two bags of a powdery substance later determined to be manitol, commonly used as a cutting agent for heroin. Banks was then placed under arrest.
At trial Banks testified that her sole involvement was pushing the button that caused Davis' trunk to open and being physically present. She claimed she never used heroin, nor did she have any knowledge of the true contents of the package received by Davis. She claimed Davis told her the package was merely a set of keys. Banks has no criminal record. According to Banks the mannitol was prescribed as a dog laxative by a veterinarian in Tijuana, Mexico. Banks owned two Cockapoos that traveled with them from California to Hattiesburg. She claimed that mannitol was given to the dog three times a day with feeding for relief of constipation.
Appellant Davis likewise denied knowledge of the true contents of the package. Davis testified that he met Sonny Koalani while laying carpet in California. They had disagreed over Koalani's treatment of a girlfriend. Davis claimed Koalani then stole his car. Davis alleges that on July 9, Koalani called Hattiesburg and advised Banks' sister that a package was being sent containing Davis' keys and could be picked up at the Jackson Municipal Airport.
During inventory search of the car investigative officers found in the trunk a pair of OHAUS triple beam scales, the kind commonly used in drug trafficking. Davis claimed at trial that he was a licensed jeweler and the scales were part of his equipment.

II.
Both appellants contend that the jury's verdict of guilty for conspiracy to possess heroin was against the overwhelming weight of the evidence.
The indictments levied against Davis and Banks charge:
They did then and there wilfully, unlawfully and feloniously combine, confederate, conspire and agree with one another, and diverse other persons, the names of which being to the Grand Jury unknown, to: wilfully, unlawfully, feloniously, purposely and intentionally possess a certain controlled substance, towit: heroin, a schedule I controlled substance as set out in Section 41-29-113 of the Mississippi Code of 1972, as amended, being a general conspiracy and in violation of Section 97-1-1(a)(f)(h) of the Mississippi Code of 1972, as amended.
Conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose unlawfully, the persons agreeing in order to form the conspiracy. Miss. Code Ann. § 97-1-1(1972). Conspiracy is a complete offense in itself, distinct from the commission of the crime contemplated by the conspiracy *1058 and does not become merged with that crime. Harrigill v. State, 381 So.2d 619, 621 (Miss. 1980), Martin v. State, 197 Miss. 96, 19 So.2d 488 (1944), Moore v. State, 290 So.2d 603 (Miss. 1974), U.S. v. York, 578 F.2d 1036 (5th Cir.1978), cert. den. 439 U.S. 1005, 99 S.Ct. 619, 58 L.Ed.2d 682 (1979), U.S. v. Cheers, 439 F.2d 1097 (5th Cir.1971).
The offense is complete without showing an overt act in furtherance of the conspiracy. Griffin v. State, 480 So.2d 1124, 1127 (Miss. 1985); Norman v. State, 381 So.2d 1024 (Miss. 1980); Moore v. State, 290 So.2d 603 (Miss. 1974); Pickett v. State, 139 Miss. 529, 104 So. 358 (1925).
By the very nature of a conspiracy, its formation or existence rarely ever can be shown by direct evidence, and may not be capable of establishment other than by many factors and circumstances and may be established by such proof, Pickett, supra.
It is settled that the existence of a conspiracy, and a defendant's membership in it, may be proved entirely by circumstantial evidence. Lacaze v. United States (5th. Cir.1968), 391 F.2d 516, Pickett v. State, 139 Miss. 529, 104 So. 358 (1925). But this Court has held that absent evidence of purposeful behavior, mere presence at the scene of the crime, even when coupled with knowledge that a crime is being committed, is insufficient to establish membership in a conspiracy; and mere association with conspirators is similarly insufficient. McDonald v. State, 454 So.2d 488 (Miss. 1984); United States v. Cochran (5th. Cir.1983), 697 F.2d 600, reh. den. 703 F.2d 557; Roberts v. United States, (5th. Cir.1969), 416 F.2d 1216. There must exist some evidence that a defendant has associated himself with the venture in some fashion, participated in it as something that he wished to bring about, or sought by his action to make it succeed. Young v. United States (5th. Cir.1931) 48 F.2d 26, United States v. Peoni, (2nd. Cir.1938) 100 F.2d 401, 402.
Looking to the facts singly or in combination with others, it appears that Banks' involvement could amount to mere association or mere presence, with Ernie Davis, but when viewed in total with events as a whole, a different picture evolves.
Facts on evidence relating to Linda Banks are:
(1) Linda Banks traveled 2,000 miles from San Diego, California to Jackson, Mississippi with Ernie Banks.
(2) A telephone call to Banks' parents' residence from Sonny Koalani notified Davis about the arrival of the heroin.
(3) Banks and Davis traveled together to Jackson and stayed the night awaiting arrival of the package.
(4) Banks remained in the car, releasing the trunk upon Davis' return.
(5) Banks' purse contained two plastic bags of mannitol, a white powdery substance used as a cutting agent for heroin.
The State, in establishing conspiracy, is never required to prove in express terms an agreement between the parties to do the unlawful act, but it is sufficient when the evidence reveals, from all the facts and circumstances, together with the acts of the parties, a common design or understood purpose between the parties to commit the crime. Riley v. State, 208 Miss. 336, 44 So.2d 455 (1950); Spight v. State, 120 Miss. 752, 83 So. 84 (1919).
At trial, the function of the jury is to determine the facts from the evidence presented and to draw all reasonable inferences from the facts. Defense counsel argued at trial that Linda Banks was only in the company of Ernie Davis and that the evidence did not prove beyond a reasonable doubt that Banks had joined in the unlawful agreement charged in the indictment. But from the evidence presented, this Court concludes that the jury could determine that a conspiracy to possess heroin existed as charged and that Banks was no mere bystander but a member of the conspiracy. McDonald v. State, 454 So.2d 488 (Miss. 1984). The verdict of the jury must be sustained if there is ample evidence to *1059 support it. Billiot v. State, 454 So.2d 445 (Miss. 1984), Gathright v. State, 380 So.2d 1276 (Miss. 1980).
The jury was instructed that:
In the event you find beyond a reasonable doubt that Ernest Leslie Davis feloniously agreed either expressly or impliedly with either Linda Pearl Banks or a person known only as Sonny Koalani to possess heroin, then you shall find Ernest Leslie Davis guilty of conspiracy.
This Court further instructs the jury that in the event you find beyond a reasonable doubt that Linda Pearl Banks feloniously agreed either expressly or impliedly with Ernest Leslie Davis to possess heroin, then you shall find Linda Banks guilty of conspiracy.
Facts in evidence relating to Ernie Davis include those above relating to Linda Banks plus the following concerning Sonny Koalani:
(1) Ernie Davis admitted Sonny Koalani was an acquaintance.
(2) The package sent by Sonny Koalani from Seattle, Washington listed a return address of 660 56th Street, San Diego, California, Ernie Davis' business address.
(3) The address label listed Ernie Davis as recipient.
Looking to the facts it can be inferred that Sonny Koalani was previously informed about Ernie Davis' home address as well as the intermediate stops and destination on his trip from San Diego to New Jersey.
Looking to these facts it seems reasonable that the jury could infer that Ernie Davis and Sonny Koalani conspired to possess the 27 grams of heroin; and that Sonny Koalani was notified in advance of Ernie Davis' trip to Mississippi about Davis' home address in San Diego, interim stops in Jackson, Mississippi, and the phone number of Linda Banks' relatives in Hattiesburg, Mississippi.
This Court concludes that there is ample evidence in the case at bar to prove beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with his innocence, that a jury could find Davis conspired with Koalani to possess heroin. McDonald v. State, 454 So.2d 488 (Miss. 1984). The verdict of a jury must be sustained if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).
It is apparent that the jury accepted the State's interpretation of the significance of the evidence. Based upon the facts presented at trial, the jury had sufficient evidence upon which to accept the State's theory that Ernie Davis and Sonny Koalani conspired in a scheme to possess heroin in violation of Miss. Code Ann. § 97-1-1 (1972).
Finding no fault with the search of the heroin package and purse belonging to Linda Banks, both assigned as error on appeal, and finding no merit to the fourth issue assigned as error, this Court affirms the conviction of both defendants.
Although not assigned as error, this Court calls into question the sentences imposed upon the defendants. Under S.Court Rule 6, this Court may, at its option, notice a plain error not assigned or distinctly specified. The defendants were convicted for violation of Miss. Code Ann. § 97-1-1(a)(f)(h) (1972). Provision (h) provides:
If two (2) or more persons conspire either:
(h) To accomplish any unlawful purpose, or a lawful purpose by any unlawful means; such persons, and each of them, shall be guilty of a felony and upon conviction shall be fined not less than five hundred dollars ($500.00) nor more than five thousand dollars ($5,000.00) or shall be imprisoned not less than one (1) year nor more than five (5) years or both.
Looking to the sentences imposed upon Ernie Davis and Linda Banks, twenty years imprisonment and $20,000 fine, ten years imprisonment and $5,000 fine respectively, it is clear that the lower court exceeded those provided for in § 97-1-1. Therefore, the case is remanded for resentencing in accord with the statute.
*1060 AFFIRMED AND REMANDED FOR RESENTENCING IN ACCORD WITH THE STATUTE.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.