ROY NOBLE LEE, Chief Justice,
for the Court:
Allen Nicolaou, presently in the custody of the Mississippi Department of Corrections at Parchman, has filed a motion to return to Hancock County jail during the pendency of his appeal to this Court. In his motion asserting a right to return to the jail in the county of his conviction, Nicolaou relies on Miss.Code Ann. § 99-19-39 (1972) and this Court’s holding in Lang v. State, 230 Miss. 147, 89 So.2d 837 (1956). Because we find, for reasons set forth in this opinion, that neither the statute nor Lang confers such a right and that this Court and the circuit court are without authority to order his incarceration in the county jail after his commitment to the Mississippi Department of Corrections, we deny Nicolaou’s motion.
The statute upon which Nicolaou bases the assertion of a right to return to county jail provides:
If the defendant appeal from the conviction and be not removed on appeal, as provided in the next succeeding section,[1] he shall be detained, according to the judgment of the circuit court, until the supreme court shall have decided his case, and the judgment thereof shall have been certified to the circuit court and the same fully executed.
Miss.Code Ann. § 99-19-39 (1972). The plain language of Miss.Code Ann. § 99-19-39 makes it clear that the convicted criminal will begin to serve his sentence pending appeal. See also Miss.Code Ann. § 99-35-115 (Supp.1991) (person convicted of a crime is not to be released from imprisonment pending appeal to the Mississippi Supreme Court except on special order of this Court or the court of conviction “when the peculiar circumstances of the case render it proper,” or upon the posting of bond); Varnado v. State, 338 So.2d 1239, 1242 (Miss.1976) (Absent an order for bail pursuant to Miss.Code Ann. § 99-35-115, incarceration of a person convicted of a crime is proper; i.e., the taking of an appeal to this Court does not stay the verdict and judgment from which the convicted criminal appeals.).
Section 99-19-39 does not prescribe where the prisoner will be incarcerated pending appeal but provides that, unless transported to the place where the Supreme Court is being held pursuant to Miss.Code Ann. § 99-19-41 (1972), the prisoner “shall be detained, according to the judgment of the circuit court, until the supreme court shall have decided his case.” Miss.Code Ann. § 99-19-39 (1972) (emphasis added). The substance of this provision appeared in the Code of 1857, Section LXVI, Article 312 in virtually the same form in which it appears in today’s Code and has been brought forward in that form through the intervening Codes.[2] At no time has this Court interpreted that section to give this Court or the trial court the authority to order that a convicted criminal be incarcerated in county jail as a matter of right pending an appeal from circuit court to this Court.
While § 99-19-39 (1972) appears to give discretion to the sentencing judge about where to incarcerate a convicted felon, the legislature has enacted a comprehensive scheme which provides that persons sentenced to “the penitentiary” pursuant to any laws of the state are to be committed to the custody of the Mississippi Department of Corrections. Miss.Code Ann. § 47-5-1 et seq. (1972 and Supp.1991). The Mississippi Department of Corrections *865 is vested with the responsibility of providing facilities for the confinement of all persons convicted of a felony in the courts of this state and sentenced to the custody of the department, Miss.Code Ann. § 47-5-3 (Supp.1991), and the discretion to decide which of its institutions or facilities is appropriate for an offender, taking into account the offender’s needs for treatment, training and security. Miss.Code Ann. §§ 47-5-3, 47-5-110 (Supp.1991). Construing § 99-19-39 to create a right to be confined in county jail pending appeal would place that statutory section in conflict with the provisions of the subsequent legislative enactment creating the comprehensive correctional system to deal with the incarceration of all felony offenders. We hold that § 99-19-39 confers no right in a convicted felon to be incarcerated in county jail pending an appeal to this Court.
The circuit court, under the comprehensive legislative scheme setting up the Mississippi Department of Corrections, sentences to the Department and not to any particular facility. Neither the circuit court nor this Court can order the Mississippi Department of Corrections to return a prisoner duly committed to its custody to county jail as a matter of right.[3]
Nicolaou also contends that this Court’s holding in Lang v. State, 230 Miss. 147, 89 So.2d 837 (1956) supports his assertion of a right to be incarcerated in county jail pending the disposition of his appeal to this Court. Lang did not concern an appeal from circuit court to this Court and is not controlling in our consideration of this motion. In Lang, after Lang’s sentence to life imprisonment had been affirmed by this Court, he had obtained an appeal to the Supreme Court of the United States, with a stay of execution of sentence pending the appeal and this Court stayed his incarceration in the penitentiary pending the disposition of his appeal to the U.S. Supreme Court. Lang v. State, 230 Miss. 147, 161, 89 So.2d 837, 838 (1956). The procedure for such appeals, now governed by Miss. Sup.Ct.R. 41, does not specify where the convicted person is to be incarcerated pending appeal. We are of the opinion that the legislature’s vesting responsibility for incarceration of convicted felons with the Mississippi Department of Corrections has effectively removed any right to be housed in county jail pending an appeal to the U.S. Supreme Court which may have existed at the time Lang’s case was decided.
For the foregoing reasons, we deny Nico-laou’s motion to return to county jail.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.

. The "next succeeding section” provides:
When any person shall be convicted of an offense and an appeal shall be taken to the supreme court, the sheriff shall, on an order for that purpose from the judge of the court where he was tried, or a judge of the supreme court, deliver such convict to the sheriff of the county where the supreme court is held, at the term thereof to which the appeal shall be made returnable, who shall safely keep such prisoner, subject to the order of the supreme court.
Miss.Code Ann. § 99-19-41 (1972).

. See Code of 1871, § 2813; Code of 1880, § 3087; Code of 1892, § 1444; Code of 1906, § 1517; Hemingway's Code of 1917, § 1276; Code of 1930, § 1301; Code of 1942, § 2544.