377 So.2d 593 (1979)
Linda THOMAS,
v.
STATE of Mississippi.
No. 51492.
Supreme Court of Mississippi.
November 28, 1979.
*594 John Robbins, II, J. Hal Ross, Brandon, for appellant.
A.F. Summer, Atty. Gen. by Susan L. Runnels, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and COFER, JJ.
COFER, Justice, for the Court:
Appellant Linda Thomas was indicted in the Circuit Court of Rankin County on a charge of sale and delivery of a quantity of diazepam, a controlled substance, and, on trial was convicted and sentenced to ten years in the Department of Corrections and fined $10,000.
On her appeal here, she assigns as error that:
The court erred in overruling her motion for a directed verdict;
The court erred in allowing Barry Newsome to testify; and
The court erred in finding appellant guilty when the state failed to prove the charges against the appellant beyond a reasonable doubt.
In noticing the first and last of these assignments, it is argued that there was no testimony that the drug involved was a controlled substance, and that, therefore, appellant's motion for a directed verdict at the conclusion of the state's case in chief should have been sustained. It would be sufficient to observe here that appellant developed her testimony in defense after the overruling of the motion, and, under our decisions, thereby waived the court's error, if error there was. Watts v. State, 317 So.2d 715, 716 (Miss. 1975), and the many cases collected there.
We, however, find no merit in the contention. At the date of the alleged crime, "on or about the 7th day of March, 1977," diazepam was a controlled substance. Mississippi Code Annotated, section 41-29-119 (1972), as amended by Laws of 1975, Chapter 465, section 4. Proof that the sale and delivery was of diazepam sufficiently showed a sale and delivery of a controlled substance.
The record shows a rendezvous at a motel in Rankin County, attended by appellant, a man going under the name of Martin, among others, Steve Mallory, an undercover agent for the Mississippi Bureau of Narcotics, and Rayfield Lindsey, who was a confidential informant for Mallory. The state's case shows appellant as counting, or assisting in the counting of, the tablets. It further shows a payment of a sum of money, $300 or more in amount, by Mallory to either appellant or Martin and a division of this money between Martin and appellant. It is our conclusion that the verdict of guilt was supported by the proof beyond a reasonable doubt.
We, therefore, find the first and third assignments of error without merit.
As to the use of Newsome as a witness, the record thereof is not entirely clear that, under appellant's motion to be furnished the state's evidence and the court's order largely granting the motion, the state was under a duty to furnish witnesses' names. We will, however, assume that a *595 sufficient demand therefor had been made and the court ruled favorably thereon.
Newsome was offered as a witness in the state's case in chief, and, on objection because his name had not been furnished appellant in advance, he was not then permitted to give evidence. There was expressed the likelihood that he would be offered in rebuttal. He was called in rebuttal, and, to some extent, contradicted appellant's own evidence given when she was on the stand. Appellant says Newsome's testifying was prejudicial error. We disagree for several reasons.
When Newsome was offered as a witness in rebuttal, there was no objection to his testifying, nor was there a motion for continuance on account of the prosecution's failure to furnish the witness' name to the defendant. Appellant complains that permitting him to testify at all was prejudicial to defendant, but neither in the record nor in the briefs of appellant is there a showing as to any respect wherein she was prejudiced by his testifying, and we, with candor, assert that we fail to discover prejudice against her. There is nothing in the record that reflects any hindrance to defendant's conferring with Newsome between his being first offered as a witness and his finally testifying, nor is there showing of defendant's interviewing him or undertaking to do so.
The circuit judges have compiled, and we have approved, Mississippi Uniform Criminal Rules of Circuit Court Practice, effective September 1, 1977. Rule 4.06 thereof provides in part that:
The prosecution shall disclose to each defendant or his attorney, upon request and without further court order, the following:
(1) Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial; (Emphasis added).
While there is not present here any suggestion that Newsome and the potentiality of his being a witness were not known to the state in timely manner, he was, after all, used only as a witness in rebuttal. The court said in U.S. v. Windham, 489 F.2d 1389 (5th Cir.1974):
That the government's witness list, gratuitously furnished the appellant without any court order requiring it, did not contain the names of the two rebuttal witnesses is not surprising. Rebuttal witnesses are a recognized exception to all witness disclosure requirements. Prejudice may not be successfully asserted in this connection; Harris v. New York, 1970, 401 U.S. 222, 225, 91 S.Ct. 643, 645, 646, 28 L.Ed.2d 1 (Emphasis added). (489 F.2d at 1392).
See Pryor v. State, 349 So.2d 1063 (Miss. 1977); Varnado v. State, 338 So.2d 1239 (Miss. 1976); Barrett v. State, 329 So.2d 67 (Miss. 1976); Daniels v. State, 312 So.2d 706 (Miss. 1975); and Armstrong v. State, 214 So.2d 589 (Miss. 1968).
We find no reversible error and affirm the conviction and sentence.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.