405 So.2d 97 (1981)
Rassberry MOORE
v.
STATE of Mississippi.
No. 53002.
Supreme Court of Mississippi.
October 14, 1981.
*98 G. Truett Roberts, Jr., Indianola, for appellant.
Bill Allain, Atty. Gen. by Karen A. Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and WALKER and BOWLING, JJ.
SMITH, Presiding Justice, for the Court:
Rassberry Moore was convicted in the Circuit Court of Sunflower County of the crime of armed robbery and was sentenced to serve a term of 20 years imprisonment. He has appealed, assigning for reversal a violation of rights granted under Rule 4.07 of the Mississippi Uniform Criminal Rules of Circuit Court Practice. Rule 4.07 provides:
NOTICE OF ALIBI
Upon the written demand of the prosecuting attorney stating the time, date and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such other time as the court may direct, upon the prosecuting attorney a written notice of his intention to offer a defense of alibi, which notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon which he intends to rely to establish such alibi.
Within 10 days thereafter, but in no event less than 10 days before the trial, unless the court otherwise directs, the prosecuting attorney shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the state intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses.
If prior to or during trial a party learns of an additional witness whose identity, if known, should have been included in the information previously furnished, the party shall promptly notify the other party or his attorney of the name and address of such additional witness.
Upon the failure of either to comply with the requirements of this rule, the court may use such sanctions as it deems proper, including:
(1) Granting a continuance;
(2) Limiting further discovery of the party failing to comply;
(3) Finding the attorney failing to comply in contempt; or
(4) Excluding the testimony of the undisclosed witness.
This rule shall not limit the right of the defendant to testify in his own behalf.
For good cause shown, the court may grant an exception to any of the requirements of this rule.
*99 The record reflects that on January 12, 1981, more than thirty days before the trial, the State of Mississippi filed a "Request For Notice of Alibi" which was served upon the defense pursuant to Rule 4.07, supra. In its request for Notice of Alibi, the State gave notice that it would call as witnesses to establish Moore's presence at the scene of the alleged robbery, Jim Lockett, Lucy Mae Green or Jeanette Wilburn.
On January 22, 1981, responding to the above, Moore filed his Notice of Alibi under Rule 4.07, in which he stated that he intended to prove an alibi in that, at the time of the alleged offense, he was at Jean's Cafe, also known as the Golden Star, and that earlier he had been at the Club Chicago. In compliance with Rule 4.07, Moore listed the witnesses he expected to call to establish his defense of alibi.
Upon the trial of the case, Moore testified in his own behalf that at the time of the alleged robbery he was at Jean's Cafe, where he had gone from the Club Chicago. In support of his testimony, he called Charles Pruitt, one of the witnesses he had listed in his Notice of Alibi, who testified that he and Moore were at the Club Chicago together during most of the day and later had gone to Jean's Cafe together. Both Moore and Pruitt testified that they were together at Jean's Cafe at the time the robbery is alleged to have occurred.
When both the State and the defense had rested their cases in chief, the district attorney, for the first time, announced that he was going to call Dorothy Jean Stokes in rebuttal, to rebut the testimony of Moore and Pruitt that they had been at Jean's Cafe at the time of the alleged robbery. Dorothy Jean Stokes was the owner and proprietor of Jean's Cafe. The name of this witness had not been disclosed by the State as one of the witnesses it expected to call to rebut the defense of alibi stated by Moore in his response to the State's original notice under Rule 4.07.
Moore objected to allowing this witness to testify upon the ground that the witness's name had not been disclosed as required by Rule 4.07 and she was, therefore, a surprise witness. The trial court overruled the objection and permitted the witness to testify, saying that the State "can't disclose a witness they're going to use in rebuttal until they know they're going to use the witness." The testimony of Dorothy Jean Stokes, the owner and proprietor of Jean's Cafe, which was to the effect that she had not seen Moore there at the times in question, must be considered to have been prejudicial to Moore's defense of alibi.
On appeal the State, in support of the action of the trial judge, cites Thomas v. State, 377 So.2d 593, 595 (Miss. 1979), a case in which this Court dealt with Rule 4.06. The State concedes that Rule 4.06 is not the same as Rule 4.07 and that Rule 4.06 is not designed to cover a situation such as that reflected by the present record. Nor is Thomas a case in which the defense of alibi was involved. Rule 4.06 provides to a defendant a method of discovery from the prosecution the names and addresses of witnesses to be offered in chief (as this Court emphasized in its opinion) by the prosecution. There is no provision in it for disclosure of rebuttal witnesses as in Rule 4.07. In Thomas, this Court cited United States v. Windham, 489 F.2d 1389 (5th Cir.1974), wherein the Federal Court said: "That the government's witness list, gratuitously furnished the appellant without any court order requiring it, did not contain the names of the two rebuttal witnesses is not surprising. Rebuttal witnesses are a recognized exception to all witness disclosure requirements. Prejudice may not be successfully asserted in this connection; [citing authorities]."
In Thomas, however, this Court specifically pointed out that when Newsome (the rebuttal witness whose name had not appeared in the State's discovery under Rule 4.06) was offered in rebuttal, there was no objection to his testifying. This Court quoted from Rule 4.06 the following portion of that rule.
The prosecution shall disclose to each defendant or his attorney, upon request and without further court order, the following:

*100 (1) Names and addresses of all witnesses in chief proposed to be offered by the prosecution at trial; [The Court's emphasis in Thomas opinion]. [377 So.2d at 595].
There can be no doubt that in Thomas this Court was not confronted with any question which had arisen under Rule 4.07 which made it the duty of the prosecution, in a case where an alibi is to be offered as a defense, to disclose to a defendant, under the procedure stated in the rule, the names and addresses of all witnesses upon whom the State expects to rely to establish a defendant's presence at the scene of an alleged offense and "any other witness to be relied on to rebut testimony of any of the defendant's alibi witnesses." The action of the trial court in overruling the objection to the testimony of Dorothy Jean Stokes to the effect that Moore had not been in her cafe at the alleged time of the robbery, was clearly erroneous and violated rights granted under Rule 4.07. Both the State and the defense had concluded their cases in chief, there was no time or opportunity for an investigation of the witness so that her testimony might be attacked, and the court should have sustained the objection.
Appellant cites the decision of the United States Supreme Court, Williams v. State of Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), approving the Florida Notice of Alibi Rule, which is substantially similar in many respects to Rule 4.07. In this case the United States Supreme Court said:
The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. We find ample room in that system, at least as far as "due process" is concerned, for the instant Florida rule, which is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence. [Footnotes omitted]. [339 U.S. at 82, 90 S.Ct. at 1896, 26 L.Ed.2d at 450].
In Wardius v. State of Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), the Oregon Notice of Alibi rule was brought in question because of the defendant's contention that permitting the discovery by the State of his alibi witnesses without a provision for reciprocal discovery of rebuttal witnesses of the State amounted to a denial of due process and a fair trial. The United States Supreme Court in holding that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants, stated:
The Williams [v. State of Florida, supra,] Court was therefore careful to note that "Florida law provides for liberal discovery by the defendant against the State, and the notice-of-alibi rule is itself carefully hedged with reciprocal duties requiring state disclosure to the defendant." 399 U.S. at 81, 90 S.Ct. at 1895 (footnote omitted), 26 L.Ed.2d 446... .
... The State may not insist that trials be run as a "search for truth" so far as defense witnesses are concerned, while maintaining "poker game" secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State. [Footnotes omitted]. [412 U.S. at 474-476, 93 S.Ct. at 2212-2213, 37 L.Ed.2d at 87-88].
Moore points out that the testimony of Dorothy Jean Stokes, who was omitted from the list furnished by the State to him and brought in without notice in rebuttal at the conclusion of the case, was in complete contradiction of his own testimony and that of his witness, Pruitt, that they had been in her restaurant at the relevant time. Moore having given the required notice that he expected to prove the defense of alibi and that he was in the cafe owned and operated by this witness, her testimony went to his whole defense. It is not suggested that the existence of this witness or her presence at *101 her cafe at the relevant time was something only discovered by the State after both the State and defense had rested. No excuse for this violation of Rule 4.07 by the State was shown.
If Rule 4.07 is to be given effect, in cases where a defendant has been required by the State to disclose that his defense will be an alibi, together with a statement of where he will claim to have been, and by whom he expects to establish the fact, good faith compliance on the part of the State with the requirements of Rule 4.07 is necessary if an accused is to be accorded due process and a fair trial. The decision in this case is not intended to exclude the possibility that there may be in some cases circumstances which will justify or excuse failure to disclose the name of a rebuttal witness. No such circumstances are shown to have existed in the present case.
Finally, we find no merit in Moore's challenge to the sufficiency of the evidence to support a conviction. However, the trial court's error in allowing the witness, Stokes, to testify under the circumstances in this case, require the conviction be reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.