455 So.2d 1299 (1984)
Albert SHAVERS
v.
STATE of Mississippi.
No. 55019.
Supreme Court of Mississippi.
August 22, 1984.
Rehearing Denied September 26, 1984.
Jerry T. Johnston, Johnston & Younger, Brandon, for appellant.
Bill Allain, Atty. Gen. by Billy Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Albert Shavers was convicted in the Circuit Court of Rankin County, Mississippi, for the forcible rape of one Mrs. Willie Mae Spann in violation of Mississippi Code Annotated § 97-3-65(2) (Supp. 1983). Upon his conviction, the jury unanimously agreed that he should be sentenced to life imprisonment. Shavers appeals.
Appellant assigns three errors:
1. The trial judge erred in admitting into evidence testimony of three witnesses *1300 which had not been furnished appellant in compliance with an order of production.
2. The lower court erred in denying the appellant a directed verdict at the close of the state's case in chief.
3. The lower court erred in denying appellant's motion for mistrial due to improper closing argument.
About 5:30 or 6:00 p.m. on the afternoon of July 6, 1982, Mrs. Spann, an eighty-three year old black female, was accosted in her home by a black male who had broken into the house. She was wrestled down onto her bed and sexually assaulted. After the rape, her assailant took some change from a glass jar in her room and fled the house. Bernice Montgomery, niece of the victim, arrived at the house after the assault. When her aunt could not identify her assailant, Bernice Montgomery went outside and inquired of the crowd whether anyone had been seen coming from the house. She was informed that Shavers had been seen coming from the house. When the police arrived, they interviewed both Mrs. Spann and her niece. Mrs. Spann again could not identify her assailant and gave only a general description. After conversing with Mrs. Spann and the niece, the officers went to the Shavers' residence, picked the appellant up and returned him to the Spann home where he was viewed by Mrs. Spann. The best identification the victim could give even at this point was that appellant looked just like her assailant. Even at trial, because of her failing eyesight, Mrs. Spann could not identify Shavers as the assailant. There was blood on the bedspread at the Spann home, and moist blood on the shorts worn by the appellant at the time he was arrested.
Appellant's defense was that of alibi. He testified that at the time of the rape he had been playing ball with his cousin, Darrell Smith, and some ten other boys. He left the ball game about 6:30 and went to a laundromat, where he played some electronic games and then he went home. He testified that he had not been to the Spann house in some eleven years (he was 20 years old at the time of the trial), and that he had not raped the victim.
Medical testimony showed the victim had vaginal injuries consistent with rape, but no other bodily injuries, bruises or contusions were found. The blood both on the bedspread and on appellant's shorts was human blood but could not be typed. Appellant testified in explanation of the blood on his shorts that he was suffering from syphilis and that accounted for the blood. Medical testimony was introduced into evidence that it would be most unusual for someone suffering from syphilis to bleed in his underwear without having a visible sore. Examination of the appellant by the police officers at the time of his arrest did not reveal any visible sores consistent with syphilis on the body of the appellant.
At the trial, the witness Davis was called by the state on direct examination. The state had failed to produce this witness's name as required by a production order under Uniform Circuit Court Rule 4.06 and defense counsel objected to the introduction of this witness on those grounds. The trial court sustained the objection, and the witness was ordered to stand down. At the conclusion of the state's case, appellant's counsel made a motion for a directed verdict which was overruled. Thereafter, the appellant put on two alibi witnesses and rested.
In rebuttal, the witness Davis stated that at about 5:30 p.m. she saw the appellant get on a bicycle, leave the basketball game, and ride down the road toward Mrs. Spann's house. She watched him until he was out of sight. She further stated that the appellant returned on the bicycle about 20 or 30 minutes later to the basketball game.
Also on rebuttal for the state, Jimmy Marion, aged 15, testified that the appellant tried to borrow a quarter and Jimmy Marion's bicycle but Marion refused. A little later Marion noticed that his bicycle was gone and then he saw Shavers coming from Mrs. Spann's house on the bicycle. He further testified that upon his return to *1301 the basketball game Shavers was giving quarters to people to hold.
Tony Marion, aged 13, also called by the state in rebuttal, testified that when the appellant got on the bicycle he followed him around the curve and saw the appellant standing on Mrs. Spann's porch.
This is the second trial of the appellant for this crime. The first trial ended in a mistrial. The defendant's alibi testimony was placed in the record by reading into this record his testimony from the first trial.

DID THE LOWER COURT ERR IN ALLOWING THE REBUTTAL TESTIMONY OF THREE WITNESSES WHOSE NAMES HAD NOT BEEN FURNISHED IN COMPLIANCE WITH AN ORDER FOR PRODUCTION UNDER RULE 4.06, UNIFORM CRIMINAL RULES OF CIRCUIT COURT?
Shavers contends that the state should not have been permitted to use witnesses to rebut his alibi whose names were not furnished under the order for discovery he requested pursuant to Rule 4.06, Unif. Crim.Rules of Cir.Court. Rule 4.06 states:
The prosecution shall disclose to each defendant .. .
(1) Names and addresses of all witnesses in chief proposed to be offered by prosecution at trial... ..
Without question, the state had failed to provide the name of the witness Davis and the two young Marion boys to defense counsel as the court had ordered the state to do under Rule 4.06. Davis was the only witness offered by the state on their case in chief and her testimony was disallowed under proper objection under Rule 4.06. It further appears, however, that defense counsel knew of the presence of these three witnesses at the beginning of the trial when the rule was invoked and that the names of these three witnesses appeared on the subpoena docket for several weeks prior to the trial. Appellant's counsel also had an opportunity to interview these three witnesses between the end of the first day of the trial and the beginning of the second day of trial but did not do so.
Rule 4.06 plainly limits disclosure to witnesses to be offered on the case in chief. In Thomas v. State, 377 So.2d 593 (Miss. 1979), the state offered a witness in chief whose name was not disclosed in a Rule 4.06 discovery order, and this witness was not permitted to give evidence in chief. The witness was, however, called on rebuttal and no objection was made at trial. On appeal, this Court cited United States v. Windham, 489 F.2d 1389 (5th Cir.1974), to the effect that rebuttal witnesses are a recognized exception to witness disclosure requirements, and affirmed. Id. at 595. Thomas appears to be dispositive of the appellant's first assignment of error, although it did not involve the defense of alibi.
Appellant's attorney here, unlike in Thomas, again objected when these three witnesses were offered as rebuttal witnesses. However, the objection was predicated on Rule 4.06 and rebuttal witnesses are not discoverable under Rule 4.06. Therefore, it was not error to overrule the objection and allow the three witnesses to testify in rebuttal for the state.
Any prosecutorial duty to reveal to the appellant the names of the witnesses to be used to rebut his alibi would have arisen under Rule 4.07, which reads:
NOTICE OF ALIBI

Upon the written demand of the prosecuting attorney stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such other time as the court may direct, upon the prosecuting attorney a written notice of his intention to offer a defense of alibi, which notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon which he intends to rely to establish such alibi.
Within 10 days thereafter, but in no event less than 10 days before the trial, *1302 unless the court otherwise directs, the prosecuting attorney shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the state intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses. [Emphasis added]
In Moore v. State, 405 So.2d 97 (Miss. 1981) this Court held that, where discovery is invoked under Rule 4.07, failure to reveal the names of the state's rebuttal witnesses precludes their testimony from being allowed in evidence. Id. at 101.
Unlike Rule 4.06, where defense counsel must initiate discovery, Rule 4.07 applies only where the prosecutor requests a notice of alibi. Rule 4.07 was neither invoked at trial nor asserted as a ground for appeal in this case. There is no merit to appellant's first assignment of error.

DID THE LOWER COURT ERR IN DENYING SHAVERS A DIRECTED VERDICT AT THE CLOSE OF THE STATE'S CASE?
On appeal, appellant argues that his arrest was illegal and that in order for the state to make out a prima facie case it must conform with the rules of law involving arrest. This ground for directed verdict was not urged in the trial court, nor was it contained in appellant's motion for a directed verdict. We will not put the trial court in error on an issue not placed before it and we must deem this ground to have been waived. Ponder v. State, 335 So.2d 885 (Miss. 1976).
Furthermore, when appellant proceeded to put on his alibi witnesses after his motion for a directed verdict had been denied, he waived any error that may have occurred in the trial court's denial of the motion. Rainer v. State, 438 So.2d 290, 291, 292 (Miss. 1983).
There is no merit in appellant's second assignment of error.

DID THE LOWER COURT ERR IN DENYING SHAVERS' MOTION FOR MISTRIAL DUE TO THE PROSECUTOR'S IMPROPER CLOSING ARGUMENT?
No contemporaneous objection was made by defense counsel to the following three remarks by the district attorney:
"When the deputies had him downstairs that night did he say, `Naw, I didn't do it. I got an alibi. Y'all please check this alibi.' Did he do that?"
"Did he have the explanation of syphilis? No. He hadn't got back and talked with his lawyer yet."
"No evidence can prove it beyond all doubt. It's just like when asked: do you know there is a God? None of us can know it. No personal knowledge of him who haven't seen him, but we can read the Bible and can hear the word of God and can be convinced in your belief to a certainty that there is a God."
After the jury had retired to consider the verdict, defense counsel moved for a mistrial. The trial court denied this motion because objection was not made in a timely manner, but was instead asserted after all arguments were concluded and the jury had retired, and was therefore waived. No error was assigned as to the prosecutor's remarks in Shavers' motion for new trial.
In Hill v. State, 432 So.2d 427 (Miss. 1983), this Court held that "contemporaneous objections must be made to improper argument by the state, and unless such objection is made, any claimed error for such improper argument will not be considered on appeal." (citations omitted) Id. at 439-440. In Hill as in this case defense counsel failed to assign the prosecutor's closing remarks as error in his motion for new trial.
There is no merit to appellant's assignment number 3.
We have examined this record and find no merit to any of the appellant's assignments of error and, therefore, we affirm his conviction and sentence.
AFFIRMED.
*1303 WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
PATTERSON, C.J., not participating.