589 So.2d 1257 (1991)
James DEAL
v.
STATE of Mississippi.
No. 07-KA-59389.
Supreme Court of Mississippi.
November 13, 1991.
*1258 Melvin H. McFatter, Port Gibson, for appellant.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ROY NOBLE LEE, Chief Justice, for the Court:
James Deal was indicted, tried and convicted in the Circuit Court of Claiborne County for grand larceny and was sentenced to serve a term of five (5) years with the Mississippi Department of Corrections. He has appealed to this Court and presents six (6) issues for discussion.

FACTS
On February 2, 1988, Robert Pritchard parked his car in Port Gibson, Mississippi, at approximately 2:00 p.m. He left the car unlocked and with the key in the ignition. An hour later when he returned to the place where he had parked his car, the car was missing. He reported the stolen car to the Port Gibson Police Department.
Later that same day, Mississippi Highway Patrolman Andrew Bailey found a wrecked car on the side of the road between Port Gibson and Fayette on Highway 61 (about 12 miles from Port Gibson). A man (Deal) was bleeding and leaning against the car, and it was obvious that he had been involved in the wreck.
Having determined the man was not seriously hurt, Bailey said, "I need to see your driver's license." The man replied that the license was in the glove compartment. Bailey persisted; the man would not produce the license, and Bailey's patience wore out on him. Finally, the man handed Bailey a "bunch of papers" from the glove box. When Bailey asked the man's name, he replied, "My name is on the paper." Bailey said, "Robert Johnson," which was "a name out of the blue," and the man agreed: "That's me."
At this point Bailey said, "Well, come on. You need to ride with me a little bit." In the patrol car, the man said that he had been driving the Caprice when a tire "blew out." By this time Bailey "could smell the odor of alcoholic beverages on him."
When they arrived at the Jefferson County Sheriff's Office, "Robert Johnson" refused "to get on the intoxilyzer machine." "Johnson" then was handcuffed and taken to the hospital, where he was treated as "John Doe," since he continually refused to provide his name to Bailey. In the examining room, the man informed the doctor, "If I get these cuffs off, I'm going to start swinging."
In the meantime, during the trip to the hospital, Bailey had heard over his radio that a blue Caprice had been stolen. The description matched the wrecked car Bailey had seen on Highway 61 South.
Deal based his defense on alibi. He claimed that he was with friends when the car was stolen and that he unfortunately hitched a ride with a man named Larry who was driving the stolen car. According to Deal, Larry ran off when they wrecked on Highway 61.

LAW

I. DID THE TRIAL COURT ERR IN ALLOWING THE STATE TO CALL REBUTTAL WITNESSES WITHOUT GIVING DEAL PRIOR NOTICE?
Deal called Eddie Travillion, Erin Wilson, and Nurse Deloris Frye as witnesses in support of his alibi defense. Travillion and Wilson testified that Deal was with them on the day in question until after 3:00 p.m.[1] *1259 Nurse Frye testified that she was in the emergency room when Deal was brought to the hospital. Her shift did not begin until 7:00 p.m. and the admission form indicated that Deal was admitted at 8:50 p.m. The admission form was the only record the hospital had on Deal. Nurse Frye testified that, if Deal had been brought to the hospital earlier that day, there should have been a record of it at the hospital. This was in direct conflict with the testimony of Officer Bailey who testified that he took Deal to the hospital at approximately 4:00 p.m. Nurse Frye also stated that Deal told her that he was not the driver of the car.
After the defense rested, the State called two rebuttal witnesses, Dr. Roy Maxwell Barnes and Officer Willie Hamlin. Deal objected to the witnesses because the State did not provide their names in discovery. Although, Deal requested that the testimony of the rebuttal witnesses be excluded, or, in the alternative, that he be granted a mistrial or a continuance, the lower court determined that the State was entitled to use the rebuttal witnesses. Defense counsel was given the opportunity to interview the witnesses and, when defense counsel returned to the courtroom, he stated that he was ready to proceed.
Dr. Barnes testified that Deal was brought to the hospital by a patrolman on February 2, 1988, between 3:30 and 4:30 p.m. but that Deal refused any treatment. Deal was later brought back to the hospital around 8:00 p.m. by a police officer and Officer Hamlin confirmed that he was the police officer who had taken Deal to the hospital at approximately 8:00 p.m. that evening.
Deal concedes that the State was not required to provide the names of rebuttal witnesses pursuant to Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice. Shavers v. State, 455 So.2d 1299, 1301 (Miss. 1984). Although the State did not proceed under 4.07 and did not file a written demand for alibi witnesses, Deal contends that the State still should have been required to provide him with the names of the rebuttal witnesses.
Deal filed a Motion and Affidavit for Continuance requesting more time to investigate his alibi defense and that the State be limited in its proof to the testimony of the three witnesses listed in its response to discovery. He stated that at the time the car was stolen, he was riding around with Travillion and Wilson and that their names and addresses were listed in previous discovery documents.
In Shavers, this Court stated:
In Moore v. State, 405 So.2d 97 (Miss. 1981) this Court held that, where discovery is invoked under Rule 4.07, failure to reveal the names of the state's rebuttal witnesses precludes their testimony from being allowed in evidence. Id. at 101.
Unlike Rule 4.06, where defense counsel must initiate discovery, Rule 4.07 applies only where the prosecutor requests a notice of alibi. Rule 4.07 was neither invoked at trial nor asserted as a ground for appeal in this case.
Id. at 1302 (emphasis added).
Issue number one is rejected.

II. DID THE LOWER COURT ERR IN FAILING TO INSTRUCT THE JURY THAT A NECESSARY ELEMENT OF THE CRIME OF GRAND LARCENY IS THAT DEAL MUST HAVE INTENDED TO PERMANENTLY DEPRIVE THE OWNER OF HIS AUTOMOBILE?
The jury instruction S-1 reads as follows:
The Court instructs the Jury that if you believe from the evidence beyond a reasonable doubt that the Defendant James Deal acting alone or in concert with another did feloniously take, steal, and carry away the property of Robert Pritchard to-wit: one (1) 1978 Chevrolet Caprice automobile of the value of more than $100.00 then you shall find the Defendant James Deal guilty of Grand Larceny as charged in the indictment.
The defense is correct that grand larceny requires evidence of the specific intent to deprive the owner of his property wholly and permanently. Slay v. State, *1260 241 So.2d 362, 364 (Miss. 1970). However, instruction S-1 contains the word "feloniously" which according to Black's Law Dictionary 555 (5th ed. 1979), means done with criminal intent. This Court has found an instruction similar to S-1 sufficient.
The State's principal instruction clearly advised the jury that if it believed from all of the evidence beyond a reasonable doubt that defendant willfully and feloniously took, stole and carried away the property, then he was guilty as charged in the indictment. This instruction placed upon the State its full and proper burden of proof. The instruction concerning a permissible inference from possession does not minimize the requirements set forth in the principal instruction. The issue of defendant's guilt or not was therefore properly submitted to the jury.
Fogle v. State, 231 Miss. 746, 751, 97 So.2d 645, 647-48 (1957).
Furthermore, the language of the instruction was taken from Mississippi Code Annotated § 97-17-41 (1972).
Issue number two is rejected.

III. DID THE LOWER COURT ERR IN FAILING TO GIVE A CIRCUMSTANTIAL EVIDENCE INSTRUCTION?
A circumstantial evidence instruction must be given unless there is some type of direct evidence such as eyewitness testimony, dying declaration, or confession or admission of the accused. Mack v. State, 481 So.2d 793, 795 (Miss. 1985). Officer Bailey testified that when he arrived at the scene Deal told him he had been driving the car. He further told Officer Bailey that his papers were in the glove compartment. Officer Bailey got the papers and asked Deal his name. Deal responded that his name was on the papers; whereupon Officer Bailey made up the fictitious name Robert Johnson, and asked Deal, if that was his name. Deal said it was his name. We are of the opinion that the testimony of Officer Bailey was sufficient to support the denial of a circumstantial evidence instruction. This is true even though the statements were denied. Holliday v. State, 455 So.2d 750, 752 (Miss. 1984).
The issue number three is rejected.

IV. DID THE LOWER COURT ERR IN FAILING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF TRESPASS LESS THAN LARCENY?
We refer to the facts hereinabove. Jury instructions should not be given unless there is evidence to support them. Lancaster v. State, 472 So.2d 363, 365 (Miss. 1985); Barnes v. State, 457 So.2d 1347, 1349 (Miss. 1984). The principle applies where the defendant seeks to have the court authorize the jury to find him guilty of a lesser-included offense. The instruction "must be warranted by the evidence." Stevens v. State, 458 So.2d 726, 731 (Miss. 1984). Accord, Messer v. State, 483 So.2d 338, 340 (Miss. 1960).
In the case at bar, the appellant sought to have the jurors instructed that they could find him guilty of trespass less than larceny. The court refused the instruction with this ruling: "I believe that this case is all or nothing. I don't think there is any proof that shows, either by the State or by the defendant, ... a lesser included offense would be authorized."
Again, we are of the opinion that there is no evidence to support a lesser included offense of trespass. Appellant's position is: (1) he was not present when the vehicle was stolen, and (2) he hitched a ride in the automobile with a person named Larry. His defense was an alibi that he was not present when the automobile was stolen. This is not a case where the defendant/appellant claimed he was joy riding or that he was using the vehicle for a brief period and expected to return it. The lower court correctly refused the lesser-included offense instruction.
Issue number four is rejected.

*1261 V. WERE THE INSTRUCTIONS TO THE JURY ON THE ISSUE OF POSSESSION BY DEAL OF RECENTLY STOLEN PROPERTY AND THE PRESUMPTION ARISING THEREFROM ABSTRACT AND MISLEADING?

VI. DID THE LOWER COURT ERR IN SUSTAINING THE STATE'S OBJECTION TO DEFENSE COUNSEL'S COMMENTS DURING CLOSING ARGUMENT REGARDING FAILURE OF THE INVESTIGATING MISSISSIPPI HIGHWAY PATROLMAN TO MAKE A WRITTEN REPORT OF THE SUBJECT ACCIDENT AS REQUIRED BY STATE LAW?
We have carefully examined the record with reference to issues five and six and are of the opinion that there is no merit in them. Therefore, the issues are rejected.
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., dissents, without separate opinion.
NOTES
[1] According to the police report, Pritchard came to the police department at approximately 3:10 p.m. to report that his car had been stolen.