# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 97-KA-01513 COA

**BRIAN LEE A/K/A BRIAN NEILL LEE A/K/A 'NEILL LEE' A/K/A 'MOONSHADOW'**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/10/1997 |
| TRIAL JUDGE: | HON. W. M. O'BARR JR. |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | S. CHRISTOPHER FARRIS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED FOR CONSPIRACY TO SELL LSD |
| DISPOSITION: | AFFIRMED - 01/26/99 |
| MOTION FOR REHEARING FILED: | 2/23/99 |
| CERTIORARI FILED: | 6/2/99 |
| MANDATE ISSUED: | |

BEFORE McMILLIN, P.J., DIAZ, AND KING, JJ.

DIAZ, J., FOR THE COURT:

¶1. Brian Lee appeals the decision of the Forrest County Circuit Court convicting him of conspiracy to sell lysergic acid diethylamide (LSD). Lee raises the following issues in his appeal: (1) the weight and sufficiency of the evidence; (2) the admissibility of external offense evidence involving his prior sales of LSD; (3) a ruling allowing a State witness to testify concerning a transfer of drugs for which she was not present; (4) an alleged gap in the chain of custody of an audiotape recorded over a wiretap; (5) an amendment of the indictment improperly deleted two of the co-conspirators; (6) the granting of jury instructions S-1A, S-2A, and S-6; (7) the granting of jury instruction S-3, and (8) the denial of the circumstantial evidence instructions. Finding no error, we affirm the ruling of the circuit court.

## FACTS

¶2. In April of 1996, Karlton and Sarah Bradley met the defendant, Brian Lee, who is also known as

"Moonshadow" or "Shadow." During April and May of 1996, Karlton Bradley bought LSD from Brian Lee on approximately six occasions. Thereafter, Karlton would trade the LSD with David Watkins for cocaine.

¶3. On May 28, 1996, Karlton Bradley purchased LSD from Lee. Watkins then arrived at the Bradleys' apartment to trade the LSD purchased from Lee for two ounces of cocaine. Karlton counted the LSD when Watkins arrived and after Lee left. Karlton discovered that the LSD that he purchased from Lee was missing a page, so he called Lee to complain. Lee challenged the truthfulness of Karlton's claim that the LSD had a shortage. Watkins left the Bradleys' apartment for approximately 30 minutes while Karlton attempted to correct the alleged shortage. Lee went to the Bradleys' apartment to see whether a shortage of LSD existed. Watkins later returned to the Bradleys' apartment, and Karlton told Watkins that the LSD was short and that he would have to take a loss. According to Watkins's testimony, Lee and he have never met, spoken, or been together when drugs were exchanged with Karlton.

¶4. Unknown to all of the participants in this scenario, the Mississippi Bureau of Narcotics had conducted wiretaps and set up a surveillance videotape of the events that transpired on this occasion. Thereafter, in November of 1996, Brian Lee was indicted for conspiring and agreeing with four others to sell LSD to another person. The indictment, omitting its formal parts, alleged that

> Brian Lee, on or about May 1 through May 30, 1996, in Hattiesburg, Forrest County, Mississippi, in violation of MCA section 97-1-1 (1994), did knowingly, willfully, and unlawfully conspire and agree with Karlton Bradley, David Watkins, Dan Campbell, and Chris Boulette and other persons unknown to the grand jury, to commit a felony crime . . . namely: to willfully, unlawfully, knowingly and intentionally sell Lysergic Acid Diethylamide (LSD) (a Schedule II controlled substance) to another person the subject of said conspiracy being a violation of M.C.A. section 41-29-139(a)(1), (1996) of the Mississippi Uniform Controlled Substances Law . . . .

¶5. Following a trial by a jury conducted on November 3-4, 1997, Lee was found guilty of the crime of conspiracy. He was subsequently sentenced on November 10, 1997, to serve twenty years in the custody of the Mississippi Department of Corrections with five years suspended and fifteen years to serve. Feeling aggrieved, Lee now perfects this appeal.

## DISCUSSION

### I. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT A DIRECTED VERDICT, A PREEMPTORY INSTRUCTION, OR ERRED IN OVERRULING THE DEFENDANT'S MOTION FOR JNOV OR A NEW TRIAL

#### A. Sufficiency of the Evidence

¶6. A challenge to the sufficiency of the evidence requires an analysis of the evidence by the trial judge to determine whether a hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty. *May v. State*, 460 So. 2d 778, 781 (Miss. 1984). If the judge determines that no reasonable juror could find the defendant guilty, then he must grant the motion for a directed verdict and JNOV. *Id.* If he concludes that a reasonable juror could find the defendant guilty beyond a reasonable doubt, then he must deny the motion. *Id.* This Court's scope of review is limited to the same examination as that of the trial court in reviewing the motions for directed verdict and JNOV; that is, if the facts point in favor of the defendant to the extent that reasonable jurors could not have found the defendant guilty beyond a reasonable doubt,

viewing all facts in the light most favorable to the State, then it must sustain the assignment of error. *Blanks v. State,* 542 So. 2d 222, 225-26 (Miss. 1989). Of course, the opposite is also true. We may reverse the trial court's ruling only where one or more of the elements of the offense charged is lacking to such a degree that reasonable jurors could only have found the defendant not guilty. *McClain v. State,* 625 So. 2d 774, 778 (Miss. 1993).

¶7. In the case *sub judice*, legally sufficient evidence existed to find Lee guilty beyond a reasonable doubt for conspiracy to sell LSD. The State made out is prima facie case by showing that Lee knowingly traded LSD to Karlton Bradley who in turn traded it to Watkins in exchange for cocaine for distribution. Furthermore, the police officers and Bureau of Narcotics officers testified that they saw and heard Lee's participation in the conspiracy by virtue of their surveillance equipment. Additionally, Sarah Bradley testified that Lee and Karlton exchanged LSD for cocaine, and then the LSD was sold to Watkins and distributed in Louisiana. Finally, the State submitted as evidence video and audio tapes of Lee's participation in the conspiracy. Since the State put forth sufficient, credible evidence, the trial judge was required to leave the final decision of guilt or innocence to the jury. We affirm the trial judge's ruling with regard to the motion for a directed verdict.

### B. Weight of the Evidence

¶8. The next motion we will review is that for a new trial. This goes to the weight of the evidence and not its sufficiency. In reviewing this claim, this Court must examine the trial judge's denial of Lee's motion for a new trial. *Jones v. State,* 635 So. 2d 884, 887 (Miss. 1994). The decision of whether or not to grant a motion for a new trial rests in the sound discretion of the trial judge and should only be granted when the judge is certain that the verdict is so contrary to the overwhelming weight of the evidence that failure to grant the motion would result in an unconscionable injustice. *May,* 460 So. 2d at 781. In making the determination of whether a verdict is against the overwhelming weight of the evidence, this Court must view all evidence in the light most consistent with the jury verdict, and we should not overturn the verdict unless we find that the lower court abused its discretion when it denied the motion. *Veal v. State,* 585 So. 2d 693, 695 (Miss. 1991). The proper function of the jury is to decide the outcome in this type of case, and the court should not substitute its own view of the evidence for that of the jury's. *Id.* Likewise, the reviewing court may not reverse unless it finds there was an abuse of discretion by the lower court in denying the defendant's motion for a new trial. *Id.* Upon reviewing all of the evidence presented in the light most consistent with the verdict, we find that the trial judge did not abuse his discretion in denying Lee's motion for a new trial. Accordingly, we dismiss this assignment of error as lacking in merit.

### II. WHETHER THE TRIAL COURT ERRED IN ALLOWING EVIDENCE OF LEE'S PRIOR BAD ACTS

¶9. The determination of whether evidence is relevant and or admissible is within the discretion of the trial court and reversal may be had only where that discretion has been abused. *Johnston v. State*, 567 So. 2d 237, 238 (Miss. 1990). Trial judges must exercise their discretion within the boundaries of the Mississippi Rules of Evidence. *Id.* During the trial, the State offered evidence of Lee's prior bad acts claiming that the LSD sales were admissible to prove motive, plan, and knowledge under Mississippi Rule of Evidence 404(b). The admissibility of evidence related to prior bad acts is well established in Mississippi. Mississippi Rule of Evidence 404 provides that evidence of a person's character or a trait of his character is generally not admissible. The rule does, however, designate certain exceptions such as evidence of other crimes,

wrongs or acts that are admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence mistake or accident.

¶10. The testimony assigned as error here was not introduced to prove the character of Lee, but to show the frequency with which Lee sold LSD to Watkins for later distribution in New Orleans. This was evidence of a continuing pattern of behavior which resulted in at least six sales of LSD, going towards Lee's motive, plan, and knowledge.

¶11. Lee further argues that even if the evidence was admissible under 404(b), the second part for the test for admission of prior bad acts was not met. Evidence admissible under M.R.E. 404 must also pass muster under Rules 401-403. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). The Mississippi Supreme Court also addressed the particular aspect of the relevancy rules M.R.E. 401-403 by stating: "These rules carry forward our traditional view that in a conspiracy prosecution, the range of relevant evidence is quite wide." *Ford v. State*, 546 So. 2d 686, 689 (Miss. 1989)(citations omitted).

¶12. Lee's defense was that the prior LSD sales took place before the period charged in the indictment. Sarah Bradley testified that the prior bad acts occurred in April and May of 1996 showing that Lee knew and planned the LSD sale that led to his conspiracy prosecution. Its probative value on the issue of his motive, plan, and knowledge of the conspiracy outweighed any possible prejudice.

¶13. Lee also complains that the trial judge did not make an on the record analysis of the probative versus prejudicial value of the inclusion of the prior bad act evidence. However, Lee's contemporaneous objection targeted the lack of foundation laid by the prosecution for the introduction of such evidence and not the lack of Rule 403 analysis of which he now complains. More importantly, the trial court agreed with the prosecutor who articulated the balancing test and relevancy of Sarah Bradley's testimony.

¶14. Lee also claims that the trial court failed to properly instruct the jury as to the limited purpose for which they were allowed to consider the prior LSD sales. Although *Smith v. State*, 656 So. 2d 95, 99 (Miss. 1995) held it reversible error for the court not to give a limiting instruction *sua sponte*, neither *Smith* nor any other case on point that had this type of error held that this oversight is not subject to a harmless error analysis.

¶15. We find that the error, if any under *Smith*, was harmless. The State presented the testimony of Sarah Bradley, who was present in the home during the LSD sales. She testified that several transactions occurred during April and May of 1996. This evidence clearly shows that Lee had motive, a plan, and knowledge of the sales before the transaction occurred for which he is charged with conspiracy. Therefore, we hold that this assignment of error is harmless in view of the overwhelming weight of the evidence against Lee.

**III. WHETHER THE TRIAL COURT ERRED BY ALLOWING A STATE WITNESS TO TESTIFY ABOUT A TRANSFER OF DRUGS FOR WHICH SHE WAS NOT PRESENT BUT THEN ADMONISHED THE JURY TO DISREGARD THE TESTIMONY**

¶16. We reiterate that "the granting of a mistrial is within the sound discretion of the trial judge." *Horne v. State*, 487 So. 2d 213, 214-15 (Miss. 1986). "Absent unusual circumstances, where objection is sustained to improper questioning or testimony, and the jury is admonished to disregard the question or testimony, we

will find no error." *Wright v. State*, 540 So. 2d 1, 4 (Miss. 1989). A presumption exists that the trial court cures an error when an isolated prejudicial comment or question by the prosecution is objected to and sustained, and the trial court instructs the jury to disregard the comment or question. *King v. State*, 580 So. 2d 1182, 1189 (Miss. 1991). A trial court shall declare a mistrial upon the defendant's motion if a legal defect in the proceedings results in *substantial and irreparable prejudice* to the defendant. URCCC 5.15 (emphasis added). Mississippi law presumes that juries do as they are instructed. *Williams v. State*, 512 So. 2d 666, 671 (Miss. 1987). Mississippi Rule of Evidence 602 states that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. M.R.E. 602.

¶17. Here, Sarah Bradley testified that Lee came to her apartment and that he and Karlton Bradley went into the bedroom and traded LSD for cocaine. The defense objected to her comments under M.R.E. 602 because she was not present when the transaction occurred. The trial judge instructed the jury to disregard her comment concerning the trade but denied defense counsel's motion for a mistrial based on Sarah Bradley's isolated comment. We find that the trial court properly admonished the jury to disregard the testimony, that the defendant did not suffer substantial and irreparable prejudice in his defense, and that no unusual circumstances existed to warrant a mistrial. Therefore, we find this assignment of error to be without merit.

## IV. WHETHER A SUFFICIENT CHAIN OF CUSTODY WAS ESTABLISHED TO ALLOW THE ADMISSION OF THE WIRE TAP AND AUDIOTAPE INTO EVIDENCE

¶18. Defense counsel objected to the introduction into evidence of State's Exhibit 1, a recorded conversation between Lee and Karlton Bradley, on the basis that no foundation was laid to establish custody. This objection was overruled and Exhibit 1 was admitted into evidence. However, on appeal Lee enlarges his complaint to assert the chain of custody issue and the fact that the testifying officer could not identify the voices on the tape. Lee did not object to Exhibit 1 at trial on the ground that the voices had not been identified at the time the audio tape was admitted into evidence. Consequently, it is too late on appeal to enlarge the objection because "the statement of one or more specific grounds of objection to the introduction of evidence is a waiver of all other grounds of objection." *Townsend v. State*, 681 So. 2d 497, 505 (Miss. 1996).

¶19. It is not necessary, nor has it ever been required, that every person who has handled a piece of evidence be produced at trial. *Ormond v. State*, 599 So. 2d 951, 959 (Miss. 1992). The test of whether there has been a proper showing of the chain of possession of evidence is whether there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence. *Gibson v. State*, 503 So. 2d 230, 234 (Miss. 1987). Finally, "[m]atters regarding the chain of custody of evidence are largely left to the discretion of the trial judge, and 'unless this judicial discretion has been so abused as to be prejudicial to the defendant, this Court will not reverse the ruling of the trial court.'" *Doby v. State*, 532 So. 2d 584, 588 (Miss. 1988)(quoting *Morris v. State*, 436 So. 2d 1381, 1388 (Miss. 1983)).

¶20. In the case *sub judice*, there is no suggestion of tampering or substitution of evidence in this case. To the contrary, the following discussion took place between Judge O'Barr and Agent McMillian:

> THE COURT: Has any alteration been made of that tape from the time that you originally sealed it into that bag until you heard it in preparing for this trial?

A: No, sir.

THE COURT: Your objection will be overruled. The tape will be allowed to be introduced as Exhibit 1.

Furthermore, the trial judge listened to the composite tapes at the request of the parties and determined that the tapes were identical to the original tapes. Additional testimony of Tony Shelborn established the chain of custody. Since no abuse of judicial discretion has been demonstrated here, nor a break in the chain of custody, this claim is without merit.

## V. WHETHER AN AMENDMENT OF THE INDICTMENT IMPROPERLY DELETED TWO CO-CONSPIRATORS

¶21. Lee claims that the court and district attorney could not legally make the amendment at issue as that is within the province of the grand jury. Although amendments that change the substance of an indictment must be made by the grand jury, changes in form only may be made by the district attorney. URCCC 7.09; *Griffin v. State*, 584 So. 2d 1274, 1275-76 (Miss. 1991).

It is well settled in this state . . . that a change in the indictment is permissible if it does not materially alter facts which are the essence of the offense on the face of indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case.

*Wilson v. State*, 574 So. 2d 1324, 1333 (Miss. 1990) (citing *Ellis v. State*, 469 So. 2d 1256, 1258 (Miss. 1985)). Furthermore, "[a]mendments are allowed to correct a variance between the proof and the indictment where the amendment is to an immaterial matter and the defendant cannot be prejudiced thereby in his defense." *Van Norman v. State*, 365 So. 2d 644, 647 (Miss. 1978).

¶22. Under *Wilson*, we cannot say that this amendment went to substance rather than form, thereby making it impermissible. Lee has failed to show prejudice in the form of a defense becoming unavailable as a result of the amended indictment. *Byrd v. State*, 228 So. 2d 874, 875-76 (Miss. 1969)(disapproved of on other grounds *Whittington v. State*, 523 So. 2d 966 (Miss. 1988)). The indictment as written must be sufficient to give Lee fair notice of the crime charged in clear and intelligible language. *Varnado v. State*, 338 So. 2d 1239, 1241 (Miss. 1976). URCCC 7.06 requires a plain, concise and definite written statement of the essential facts of the crime charged. Since the original indictment adequately charged Lee with conspiracy to distribute LSD, the amendment deleting two of the four co-conspirators was an amendment as to form and not substance since enough defendants were left to support a conspiracy charge. The amendment in this case had the same result as if the original indictment stood. Lee's defense to the conspiracy charge was equally available under the amended indictment; therefore, this assignment of error is without merit.

## VI. WHETHER THE GRANTING OF JURY INSTRUCTION S-1A, S-2A, and S-6 WAS REVERSIBLE ERROR

¶23. Jury instructions S-1A, S-2A, and S-6 authorized the jury to find Lee guilty of conspiracy to sell LSD if it found that "the defendant . . . agreed either expressly or impliedly with Karlton Bradley or David Watkins, or both of them . . . ." Lee claims that these instructions were improper because they were not in harmony with the order entered and filed post-verdict which authorized the amendment of the indictment so as to conform to the proof. That order authorizing the amendment states the following:

ORDERED that the indictment be and is hereby amended by striking from the indictment the phrase "conspire and agree with Karlton Bradley, David Watkins, Dan Campbell, and Chris Boulette" and substituting therefore "conspire and agree with Karlton Bradley and David Watkins."

Defense counsel did not object to these instructions at the trial level based on their non-conformity with the above referenced order as Lee now asserts on appeal. Instead, Lee objected to S-1A because the first and second paragraphs of the instruction had conflicting language. Lee did not object to S-2A, and he only objected to S-6 as being mere surplusage which was addressed in S-2A.

¶24. As previously stated, it is too late to enlarge an objection on appeal because "the statement of one or more specific grounds of objection to the introduction of evidence is a waiver of all other grounds of objection." *Townsend*, 681 So. 2d at 505. Nonetheless, it was not necessary for the State to prove a conspiracy with both Bradley and Watkins under the amended indictment. A conspiracy is complete when two or more persons combine and agree to accomplish an unlawful purpose. Miss. Code Ann. § 97-1-1 (Rev. 1994).

¶25. The State's proof was sufficient to demonstrate that Lee had conspired with Karlton Bradley, to whom Lee had sold large amounts of LSD on at least six occasions, if not also with Watkins, to whom Karlton Bradley had been transferring LSD in exchange for cocaine. A jury could have found that Lee knew the large amounts of LSD he supplied to Karlton Bradley was sold to others through a third party. Therefore, we find that this assignment of error is without merit.

## VII. WHETHER THE GRANTING OF JURY INSTRUCTION S-3 WAS REVERSIBLE ERROR

¶26. Defense counsel objected to jury instruction S-3 stating that the State failed to prove that the substance which is the center of the controversy was in fact LSD, a controlled substance. During the discussion following the objection, the trial judge took judicial notice of that fact. Again, the defense objected to this approach stating that this was an element of the offense which the State was required to prove. This objection was overruled.

¶27. Under *Thomas v. State*, 377 So. 2d 593, 594 (Miss. 1979) and its progeny, the rule emerges that it is unnecessary, even in a prosecution for the sale of LSD, for the State to show that LSD is a controlled substance as long as the indictment charges that LSD is a controlled substance and a state statute provides that LSD is a controlled substance. Here, by virtue of the wording of the indictment and Miss. Code Ann. § 41-29-101 et seq. these requirements are met.

¶28. Lee also complains that no scientific proof was offered at trial to prove that the transfers were in fact LSD and cocaine or that LSD was a controlled substance. However, Lee is charged with a conspiracy to sell LSD and not with the actual sale of LSD. "Conspiracy is a complete offense in itself, distinct from the commission of the crime contemplated by the conspiracy, and does not become merged with that crime." *Davis v. State*, 485 So. 2d 1055, 1057-58 (Miss. 1986). "The offense is complete without showing an overt act in furtherance of the conspiracy. *Id*. at 1058. Here, proof that the discussions and agreement involved the sale of LSD was sufficient. It is enough that Sarah Bradley testified that Lee sold LSD to her

husband on six different occasions during April and May of 1996 and that the recorded conversations of the parties discussed the sale of LSD. Accordingly, we find this assignment of error to be without merit.

## VIII. WHETHER THE DENIAL OF THE CIRCUMSTANTIAL EVIDENCE INSTRUCTIONS WAS REVERSIBLE ERROR

¶29. The standard of review for the granting of circumstantial evidence instructions is that where there is direct evidence of a crime, a circumstantial evidence instruction need not be given. *Gray v. State*, 549 So. 2d 1316, 1324 (Miss. 1989). An expanded version of the applicable ground rules is found in *Stringfellow v. State*, 595 So. 2d 1320, 1322 (Miss. 1992), where the Mississippi Supreme Court held "that a circumstantial evidence instruction should be given only when the prosecution can produce neither eyewitnesses or a confession to the offense charged."

¶30. Here, the video and audio surveillance tapes constituted direct evidence of the conspiracy. Furthermore, Sarah Bradley testified that Lee sold her LSD on several occasions prior to the event in questions which helps establish the elements of conspiracy. Since direct evidence of the crime of conspiracy existed, it was not error for the trial court to deny a circumstantial evidence instruction.

¶31. **THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT OF CONVICTION OF ONE COUNT OF CONSPIRACY TO SELL LYSERGIC ACID DIETHYLAMIDE (LSD) AND SENTENCE OF TWENTY YEARS WITH FIVE YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $20, 000 WITH $10,000 BEING SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO FORREST COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, KING, LEE, PAYNE, AND SOUTHWICK, JJ., CONCUR.**

**IRVING, J., NOT PARTICIPATING.**